UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DENON D. CARSON, JR.<br><br>Plaintiff,<br><br>-vs-<br><br>CECILIA REYNOLDS and ROBERT KELLY,<br><br>Defendants. | ) | Civil Action No.: 4:14-cv-4033-TMC-TER<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional right to be free from cruel and unusual punishment by using excessive force. Presently before the court is Defendants' Motion for Summary Judgment (Document # 21). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in dismissal of his Complaint. Plaintiff filed a one-page response to Defendants' motion (Document # 26) and several subsequent letters (Documents # 28-31, 33). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II. FACTS

Plaintiff alleges that on February 1, 2014, he and Defendant Robert Kelly had a "conflict" and Kelly handcuffed him and pushed him to the ground as a result of this "incident." He alleges that he suffered injuries to his right arm and hand. He alleges that he complained to the Warden, Cecilia Reynolds, and wrote to the Office of Grievance. Complaint p. 3.

He attached to his Complaint, a copy of his Step One grievance form, filed on April 22, 2014. See Inmate Grievance Form. The grievance was returned unprocessed on April 24, 2014, because it was not timely filed, although the inmate grievance coordinator noted that, due to the allegations made, a copy of the grievance had been forwarded to the Division of Investigations for possible review, and Plaintiff would be notified of the decision in the future. Id. Plaintiff filed this action on October 20, 2014.

Defendants submitted the Declaration of David Martinez, an Inmate Grievance Coordinator at Kershaw Correctional Institution. Martinez Decl. ¶ 1. Martinez reiterates that Plaintiff's grievance of the incident in February of 2014, was returned unprocessed because it was filed April 22, 2014, outside the deadline. Id. at ¶¶ 4-5. He also states that per South Carolina Department of Corrections Policy, an inmate is required to submit a grievance within five working days from the date the incident being grieved took place. Id. at ¶ 6.

## III. STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could

reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV. DISCUSSION

Defendants have pleaded the affirmative defense of failure to comply with the Prison Litigation Reform Act's (PLRA) exhaustion requirement and have moved for summary judgment on that basis.

The PLRA requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C.1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides,

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir.2001) (exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3 d 718 (7th Cir.2001) (exhaustion required even though Plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001) (unpublished opinion) (applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). Exhaustion is a prerequisite to suit that must be completed prior to filing an action. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir.2005). Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. Id. at 683 (holding an inmate's failure to exhaust administrative remedies is an affirmative defense to be both pleaded and proven by the Defendant).

As set forth above, Plaintiff's grievance was filed over two months after the incident being grieved and, thus, was returned as untimely. As stated in his complaint, he received "the final agency/departmental/institutional answer or determination" concerning his grievance on April 24, 2014, the date on which the grievance was returned unprocessed. As such, Plaintiff has failed to exhaust his administrative remedies and summary judgment is appropriate. Jones v. Bock, 549 U.S.

199, 217-18, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (stating that the exhaustion requirement is "not satisfied when grievances were dismissed because prisoners had missed deadlines set by the grievance policy") (citing Woodford, 548 U.S. at 93–95).

## V. CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies prior to filing this action, it is recommended that Defendants' Motion for Summary Judgment (Document # 21) be granted and this case be dismissed in its entirety.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 30, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**