IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Denon D. Carson, Jr., | ) | |
| | ) | Civil Action No. 4:14-4033-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Cecilia Reynolds, and | ) | |
| Robert Kelly, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Denson D. Carson, Jr., a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Motion for Summary Judgment filed by Defendants (ECF No. 21) be granted. (ECF No. 34). Plaintiff timely filed objections. (ECF No. 41). Plaintiff has also filed motion for copies and for money damages and declaratory judgment and injunction (ECF Nos. 36 and 44). Defendants oppose these motions. (EC F Nos. 45 and 46).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Report, the magistrate judge opines that Plaintiff has failed to exhaust his administrative remedies and that Defendants' motion for summary judgment should be granted. As set forth above, Plaintiff timely filed objections to the Report. (ECF No. 41). The court has reviewed his objections, and finds that most fail to address any specific, dispositive portion of the Report, or merely restate Plaintiff's arguments. Plaintiff appears to be seeking evidence and an investigation (Objections at 3), but he does not address magistrate judge's determination that Plaintiff failed to exhausted his administrative remedies because the grievance was untimely. The court has reviewed the Report and agrees with the magistrate judge that Defendants should be granted summary judgment as the Plaintiff failed to exhaust his administrative remedies.

"The court may take judicial notice of the SCDC grievance process, specifically, SCDC Policy GA-01.12." *Malik v. Ward*, C/A No. 8:08-cv-1886-RBH, 2010 WL 936777, at *2 n. 4. As noted in *Perry v. Cartledge*, C/A No. 13-1656-BHH, 2014 WL 2014 WL 4700885 (D.S.C. Sept. 19, 2014), the SCDC grievance policy provides that inmates must complete a Form 10-5, or Step 1, and submit the form to the proper employee within five days of the alleged incident about which the inmate complains.

In his Complaint, Plaintiff raises claims in regard to an incident that occurred on February 1, 2014. On April 9, 2014, Plaintiff sent a Request to Staff, and then on April 22 2014, he filed a Step One grievance.[1] On February 24, 2014, Plaintiff was notified that while the grievance was forwarded to the Division of Investigations, the Step One grievance was not being processed because it was untimely. Plaintiff did not file any grievance or Request to Staff until April 9, 2014, well beyond the five days set forth in the inmate grievance process. As the

---

[1] In his Complaint, Plaintiff states the incidents occurred on February 1, 2014. (ECF No. 1 at 3). However, in his Step One grievance, Plaintiff refers to the incident occurring on February 24, 2014. (ECF No. 1-1). The correct date appears to be February 1st. But even if the alleged incidents occurred on February 24, 2014, Plaintiff did not timely file a grievance.

magistrate judge determined, Plaintiff has failed to exhaust his administrative remedies, and the court finds no reason to deviate from the Report's recommended disposition.

Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 34) and incorporates it herein. Thus, Defendants' Motion for Summary Judgment (ECF No. 21) is **GRANTED.** Further, Plaintiff's Motion for Copies (ECF No. 36) and Motion for Money Damages, Declaratory Judgment , and Injunction (ECF No. 44) are **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 3, 2015
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.